IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RHONELLA CHAFFIN,

          Plaintiff,

v.                              CIVIL ACTION NO. 3:08-0791

CLINT WATFORD and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA
(f/k/a TRAVELERS INDEMNITY COMPANY OF ILLINOIS),

          Defendants.

**ORDER**

Pending before the Court is Defendant Travelers Property and Casualty Insurance Company of America's Motion for Bifurcation and Stay (Doc. 23). For the reasons explained below, the Court **DENIES** the motion.

This case is a straight-forward first-party insurance action. On October 22, 2001, Plaintiff, Rhonella Chaffin was driving a company vehicle when she was struck from behind by Clint Watford. Mr. Watford had insurance through AIG, with a policy limit of $100,000. Ms. Chaffin, through her employer, was covered by an insurance policy through Defendant Travelers Property Casualty Company of America ("Travelers"). With the consent of Travelers, she settled with Mr. Watford's liability carrier for $80,000. She now makes a claim for underinsured motorist coverage through her Travelers' policy. In addition to this contractual claim she asserts damages against Travelers for alleged violation of the West Virginia Unfair Claim Settlement Practice Act, W. Va. Code § 33-1-4.

In its motion, Defendant Travelers argues that Plaintiff's claim for extra contractual damages, pursuant to the West Virginia Unfair Claim Settlement Practice Act, should be tried separately from her contract claim. Defendant claims that it would be unduly prejudiced by a trial on both claims. Specifically, Travelers contends that "[e]vidence offered concerning Travelers' size, business practices and financial status would ultimately prejudice a jury's determination of the underlying contract claim." Travelers then goes on to argue that a stay of discovery is appropriate because the bad faith claim cannot succeed if the contractual claim fails. According to Defendant, stay of discovery would be efficient because the second claim could be resolved along with the first, without the need for any additional discovery.

Plaintiff argues that she will in fact be prejudiced by bifurcation and a stay of discovery. Bifurcated trials would reduce Travelers' incentive to settle, increase Travelers' time to prepare and unduly delay Plaintiff's pursuit of her bad faith claims. Plaintiff further argues that discovery should not be stayed based on factors enunciated in the West Virginia Supreme Court case of *Light v, Allstate Ins. Co.*, 506 S.E.2d 64 (1998).

**Analysis**

Pursuant to Fed. R. Civ. P. 42(b) a court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." In *Light,* the West Virginia Supreme Court made clear that bifurcation of first-party insurance actions is not mandatory. 506 S.E.2d 64. In two recent decisions, by federal district courts in West Virginia, trial judges found it premature to raise issues of potential bias at trial early in the discovery process. *See Tustin v. Motorists Mutual Ins. Co*, 2008 WL 5377835 (N.D. W.Va. Dec. 22, 2008); *Holley v. Allstate Ins. Co*, No. 3:0801413 (S.D. W.Va. Feb. 12, 2009) (J. Chambers). The facts of the present case provide no reason for this Court

to depart from these rulings. The Court therefore, finds that the motion to bifurcate is premature. The Court **DENIES WITHOUT PREJUDICE** Defendant's motion in so far as it requests the Court bifurcate the trial of the underlying action from the bad faith action. Defendant may re-file the motion after discovery is complete.

As both parties recognized, the *Light* factors control a court's decision on whether or not to stay discovery pursuant to a motion for bifurcation. Although the Court has already declined to exercise its discretion to bifurcate, the *Light* factors provide further support that unitary discovery is proper at this point. The factors as enunciated by the court are the following:

> (1) the number of parties in the case, (2) the complexity of the underlying cases against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim, (6) the burden placed on the trial court by imposing a stay on discovery.

*Light,* 506 S.E.2d at 72.

The courts in *Tustin* and *Holley*, found it enough that the cases were relatively simple, the plaintiffs would likely be prejudiced by the delay and costs associated with a stay in discovery, and that a stay of discovery would likely impose a higher burden on the court because of potential overlap in evidence. These same considerations weigh in favor of unitary discovery in this case. For these reasons, the Court **DENIES** Defendant's motion to stay discovery of Plaintiff's bad faith claim.

In conclusion, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion for bifurcation and stay insofar as it requests bifurcation and **DENIES** the motion in so far is it requests

a stay of discovery. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

      ENTER:      March 18, 2009

      _____
      ROBERT C. CHAMBERS
      UNITED STATES DISTRICT JUDGE